UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JESSIE ADAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 26-CV-2025 |
| | ) |
| SERGIO JIMENEZ, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Plaintiff, Jessie Adams, has filed a Complaint (#1) against Defendant Sergio Jimenez as well as a Motion for Leave to Proceed In Forma Pauperis (#2). Plaintiff's Complaint states, in full:

    1. Upon information and belief, Defendant had ex parte communication with certain individuals,

    2. Defendant conspired with others in violation of due process,

    3. The Basis for federal court jurisdiction is federal law.

RELIEF

Plaintiff demands a sum of money estimated over $400,000.

Where a plaintiff seeks to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(a), the district court has an obligation to screen complaints before service on the defendants. *Suess v. Obama*, 2014 WL 293817, at *1 (N.D. Ind. Jan. 27, 2014); 28

U.S.C. § 1915(e)(2). A plaintiff's pro se complaint must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Federal Rule of Civil 12(b)(6) allows for dismissal of a pleading if it fails "to state a claim upon which relief can be granted[.]" "[T]he complaint must contain allegations that 'state a claim to relief that is plausible on its face' or it is subject to dismissal under Rule 12(b)(6)." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). Dismissal for failure to state a claim under Rule 12(b)(6) is proper 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'" *Id*. at 212 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). The complaint's factual allegations must be enough to raise a right to relief above the speculative level, meaning the complaint must contain allegations plausibly suggesting, not merely consistent with, an entitlement to relief. *Id*.

Plaintiff's Complaint falls well short of these requirements. The Complaint simply does not describe, at all, what Defendant did. Nor does it give rise to a plausible inference that Plaintiff might be entitled to relief.

Because Plaintiff has failed to state a claim in compliance with Rule 8(a)(2), his pro se Complaint must be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). However, the court will grant Plaintiff 21 days in which to file an amended complaint that satisfies

federal pleading standards. If Plaintiff chooses to pursue that course, she should draft her amended complaint as if she is telling a story to someone who knows nothing about her situation. This means that she should explain (1) what happened to make her believe she has a legal claim; (2) when it happened; (3) who did it; and (4) what relief she wants the court to provide. Plaintiff should set forth her allegations in short and plain statements in numbered paragraphs. Plaintiff does not need to include every detail giving rise to her claims; she need only provide enough facts from which the court can reasonably infer that she is entitled to relief from Defendant. See *Fondren v. Hoy*, 2026 WL 114951, at *3 (E.D. Wis. Jan. 15, 2026).

   IT IS THEREFORE ORDERED THAT:

   (1) Plaintiff's Complaint (#1) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

   (2) Plaintiff is granted 21 days in which to file an amended complaint if she believes she can plausibly allege a violation of her civil rights by Defendants. If Plaintiff does not file an amended complaint within 21 days, this case will be terminated.

   ENTERED this 23rd day of January, 2026.

   s/Colin Stirling Bruce
   COLIN S. BRUCE
   U.S. DISTRICT JUDGE